Jacob Ltjtsky, J.
The above respondents have been charged with violation of section 165.05 of the Penal Law (unauthorized use of a vehicle) and section 165.45 of the Penal Law (criminal possession of stolen property in the second degree).
The owner of the vehicle in question testified that she never gave permission to any of the respondents to use her vehicle and did not know any of the respondents.
Testimony was also received from Detective Meyers as to the collision of the vehicle in question with another vehicle in the vicinity of Kennedy Airport at 134th Street and 156th Avenue on March 16,1971 at about 12:55 p.m.
Detective Meyers, in the course of investigating this incident, met the respondent, William M. one-half block from the collision and he advised the detective he had been involved in the accident. Up to this point William M. had not been arrested.
Detective Meyers then placed him in the custody of the New York City Police, namely Patrolman Klawsky, who, after obtaining medical attention for the respondent, advised him he was under arrest, obtained the name and telephone number of his parents and asked a fellow police officer to notify his parents.
William M. was then informed by Patrolman Klawsky of his rights under the Miranda rule and stated he understood them and then admitted he participated in the unauthorized use and criminal possession of the vehicle in question. His questioning lasted no more than five minutes. Respondents William C. and Thomas R. were in custody at the 106th Precinct and made similar and separate admissions after having been given Miranda warnings and their parents were notified. They also stated they understood the significance of these warnings. Their questioning lasted less than 10 minutes each.
*806 While in each case, the respondents’ legal guardians were notified before their admissions, the guardians appeared after the questioning and were informed of the statements made by respondents who were then released in their custody.
Respondent William M. is over 14 years of age and respondents William C. and Thomas R. are over 15 years of age. Respondents do not contend that they did not understand the nature of the Miranda warnings or that their admissions were obtained by coercion.
Objection was raised to the introduction into evidence of the respondents ’ admissions mainly on the grounds that their admissions were obtained not in the presence of their legal guardians and, while concededly they were given proper Miranda warnings, they were not given in the presence of their legal guardians. In addition it is urged that the statements of one respondent are not binding on the other.
Before passing on the above, the court notes that no preliminary notice of the use of an admission pursuant to the Code of Criminal Procedure was given nor is any required in a proceeding in the Family Court (see Matter of D. [Daniel], 27 N Y 2d 90).
There is no issue here as to the question of whether the statements of one accomplice :are binding on the other as required by Bruton v. United States (391 U. S. 123). In this case each respondent made a separate admission which is binding on him and him alone and this court ruled accordingly in allowing these admissions into evidence. The validity of such admissions made separately is perfectly proper and valid (see People v. McNeil, 24 N Y 2d 550).
The most serious objection to the introduction of these admissions is based on the contention that no confession of a juvenile, regardless of its voluntariness, can be admitted at a trial unless his parent or legal guardian was present at the time of questioning. While no legal memorandum has been submitted on behalf of the respondents, it is presumed by the court that respondents rely on the cases of Matter of William L. (29 A D 2d 182) and Matter of Aaron D. (30 A D 2d 183).
This objection does not apply in the case of respondent, William M., since he made an admission prior to his being taken into custody. An admission, under such circumstances, does not require the usual Miranda warnings. (See People v. Yukl, 25 N Y 2d 585.)
These cases were decided after Matter of Gault (387 U. S. 1) which for the first time expressed the views of the Supreme Court in juvenile proceedings. The fundamental principle in *807 that case is that fair treatment must be accorded all children in the juvenile courts.
The cases of William L. and Aaron D. referred to the Gault case and held that the confessions were improperly obtained. Among the reasons cited by the court was the fact that the child’s parent was not present when he made his admissions.
It is the court’s opinion, however, that neither William L. nor Aaron D. requires the presence of a parent or legal guardian in every case. The absence of the parents in these cases was not the conclusive reason but merely part of a series of circumstances which led the court to hold that the admissions were improperly obtained. The boy in William L. was taken from his home at 3:00 a.m. and questioned for one hour at the station house after his mother was told she need not accompany him as the matter was not serious. In fact they were questioning him as to a homicide. When we consider all of the circumstances, it is obvious that the confession was not obtained properly whether or not the boy’s parent was present.
In this case there were no such factors — the boys’ guardians were notified immediately upon the police learning of their whereabouts, the questioning occurred shortly after the accident and lasted for less than 10 minutes. There was no evidence of any coercion or improper detention. The court finds that the respondents herein made their admissions voluntarily and fully aware of their rights.
It is the court’s opinion that the standards of the Gault case were met in this case and that the treatment of the respondents was done with the greatest care to insure fair treatment of the respondents.
In addition, authority for the court’s conclusion that the presence of the parent or legal guardian is not an absolute rule in cases of confessions is found in the opinion of the Court of Appeals in People v. Stephen J. B. (23 N Y 2d 611) (habeas corpus granted; United States ex rel. B. v. Shelly, 305 F. Supp. 55, mod. 430 F. 2d 215) decided after the William L. and Aaron D. cases, wherein the court stated at page 617: ‘‘ Matter of Gault (supra), therefore, does not establish a constitutional requirement of parental consent for an effective waiver of a juvenile’s rights prior to trial.”
Based on all of the foregoing the court finds that the allegations in the petition were sustained by evidence beyond a reasonable doubt and that the acts if committed by an adult would constitute a crime under the Penal Law (§ 165.05 —unauthorized use of a motor vehicle).